UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

SOUTHEASTERN CONSULTING &
DEVELOPMENT COMPANY, INC.,

    Debtor.
_____/

Case No. 11-bk-40398-KSS

Chapter 11

STEPHEN RIGGS and HERITAGE FFR, LLC,

    Plaintiffs,
v.

SOUTHEASTERN CONSULTING & DEVELOPMENT
COMPANY, INC.; LOUIS S. WELTMAN; HERITAGE
PLANTATION COMMUNITY DEVELOPMENT DISTRICT;
BOARD OF SUPERVISORS OF HERITAGE PLANTATION
COMMUNITY DEVELOPMENT DISTRICT; U.S. BANK, N.A.;
WARD & KETCHERSID, P.A.; RICHARD A. CARTER;
TURNER HERITAGE HOMES, INC.; DOUGLAS TURNER;
PHOENIX REALTY PARTNERS, INC.; and WATER
RECLAMATION OF NWF, L.L.C.,

    Defendants.
_____/

Adv. Proc. No. 12-ap-04028-KSS

**PLAINTIFFS' RESPONSE TO DEFENDANT,
DOUGLAS E. TURNER'S MOTION TO STAY PROCEEDINGS**

    Plaintiffs, Heritage FFR, LLC and Stephen C. Riggs, III (collectively, "Plaintiffs"), hereby respond in opposition to *Defendant, Douglas E. Turner's Motion to Stay Proceedings* (Adv. Doc. No. 104) (the "Turner Stay Motion") and state as follows:

    1.    On April 22, 2014, this Court held a hearing on the Defendant's *Motion to Dismiss* (Adv. Doc. No. 40) and considered *Riggs and Heritage FFR, LLC's Supplemental Response to the Dismissal Motions and Motion for Extension of the Abatement Period* (Adv.

Doc. No. 100). Multiple appearances were made at the hearing including the appearance of counsel for Defendant, Douglas E. Turner ("Turner").

2. At the conclusion of the hearing, the Court announced that this adversary proceeding would remain abated pending a mediation conference to be ordered by the Court and specifically ordered that the abatement would not stay Southeastern Consulting & Development Company, Inc.'s ("SCDC") chapter 11 case or pending state court litigation. An order memorializing the Court's ruling was prepared by counsel for Plaintiffs and circulated to the various counsel appearing at the hearing. The order memorializing the Court's ruling has been submitted to the Court for entry. Notwithstanding the appearance made by counsel for Turner at the April 22, 2014 hearing, no representation was made to the Court or opposing parties with respect to any pendency of the automatic stay arising out of the filing of an involuntary petition against Turner as is now alleged in the Turner Stay Motion.

3. Also on April 22, 2014, Defendants Louis S. Weltman ("Weltman") and Phoenix Realty Development, LLC ("Phoenix") filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division. Weltman's bankruptcy case has been assigned Case No. 14-19155-PGH (the "Weltman Bankruptcy"), and Phoenix's bankruptcy case has been assigned Case No. 14-19156-PGH (the "Phoenix Bankruptcy").[1]

4. Notwithstanding the filing of the Weltman Bankruptcy and the Phoenix Bankruptcy, and the filing of the Turner Stay Motion asserting the pendency of the automatic stay arising out of the filing of the involuntary petition against Turner, counsel for SCDC and

---

[1] Plaintiffs will seek a determination by this Court as to which districts the Phoenix Bankruptcy and the Weltman Bankruptcy should proceed and will file a motion to transfer the venue of the Phoenix Bankruptcy and the Weltman Bankruptcy to this Court pursuant to Federal Rule of Bankruptcy Procedure 1014(b).

counsel for Plaintiffs have continued their efforts to select a mediator and schedule the mediation as ordered by this Court.

5. Contrary to the assertions made by Turner in the Turner Stay Motion, any automatic stay effective under Section 362(a) of the Bankruptcy Code[2] upon the filing of the involuntary petition against Turner terminated upon this Court's dismissal of the involuntary case against Turner. *In re Hill*, 305 B.R. 100 (Bankr. M.D. Fla. 2003) (the automatic stay under Section 363 of the Bankruptcy Code terminates when the case is dismissed). This Court dismissed the involuntary case filed against Turner by the *Order Granting Alleged Debtor's Motion to Dismiss* (Doc. No. 10). While this Court's order dismissing the involuntary case may have been appealed, the order dismissing the case was effective upon entry. See Fed.R.Bankr.P. 9021 (a judgment or order is effective upon entry). No stay of the order dismissing the case was sought or obtained by either the petitioning creditors or the involuntary debtor who actually sought the dismissal of this case.[3] Pursuant to Section 362(c)(2)(B), the automatic stay terminates upon the dismissal of the case, which became effective upon the entry of this Court's order dismissing the case. The pendency of the appeal does not stay the effectiveness of this Court's order dismissing Turner's involuntary chapter 7 bankruptcy case, and the automatic stay that was triggered upon the filing of the involuntary petition is no longer in force or effect.

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

[3] Even if the order dismissing the Turner involuntary case was subject to the fourteen (14) day stay imposed under Federal Rule of Bankruptcy Procedure 7062, no subsequent stay of that order pending appeal was ever sought or obtained.

WHEREFORE, Plaintiffs request that the Court deny the Turner Stay Motion, together with any further relief that may be deemed appropriate.

Dated this 2nd day of May 2014.

                                                              */s/ David S. Jennis*
David S. Jennis
Florida Bar No. 775940
**Jennis & Bowen, P.L.**
400 North Ashley Drive, Suite 2540
Tampa, FL 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707 (fax)
E-mail: djennis@jennisbowen.com
Co-Counsel for Riggs and Heritage FFR

-and-

*/s/ A. Benjamin Gordon, III*
A. Benjamin Gordon, III
Florida Bar No. 528617
**Keefe, Anchors & Gordon, P.A.**
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, FL 32547
Telephone: (850) 863-1974
Facsimile: (850) 863-1591 (fax)
E-mail: bgordon@kaglawfirm.com
Co-Counsel for Riggs and Heritage FFR

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid, to **Heritage Plantation Community Development District**, c/o Hopping Green & Sams, P.A., 119 S. Monroe Street, Suite 300, Tallahassee, FL 32301 and via CM/ECF electronic service to: **Brian G. Rich**, Berger Singerman LLP, 125 S. Gadsden Street, Suite 300, Tallahassee, FL 32301; **David Lloyd Merrill**, Ozment Merrill, 2001 Palm Beach Lakes, Suite 410, West Palm Beach, FL 33409; **Elba N. Serrano-Torres** and **D. Tyler Van Leuven**, Williams Gautier, P.O. Box 4128, Tallahassee, FL 32315-4128; **Ronald A. Mowery**, Mowery Law Firm, P.A., 515 North Adams Street, Tallahassee, FL 32301-1111; and to those parties who receive electronic notices via CM/ECF in the regular course of business on this 2nd day of May 2014.

                                            */s/ David S. Jennis*
                                            David S. Jennis