UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

                         Case No. 11-bk-40398-KSS

SOUTHEASTERN CONSULTING &        Chapter 11
DEVELOPMENT COMPANY, INC.,

    Debtor.
_____/

STEPHEN RIGGS and HERITAGE FFR, LLC,

    Plaintiffs,
v.                                          Adv. Proc. No. 12-ap-04028-KSS

SOUTHEASTERN CONSULTING & DEVELOPMENT
COMPANY, INC.; LOUIS S. WELTMAN; HERITAGE
PLANTATION COMMUNITY DEVELOPMENT DISTRICT;
BOARD OF SUPERVISORS OF HERITAGE PLANTATION
COMMUNITY DEVELOPMENT DISTRICT; U.S. BANK, N.A.;
WARD & KETCHERSID, P.A.; RICHARD A. CARTER;
TURNER HERITAGE HOMES, INC.; DOUGLAS TURNER;
PHOENIX REALTY PARTNERS, INC.; and WATER
RECLAMATION OF NWF, L.L.C.,

    Defendants.
_____/

**RIGGS AND HERITAGE FFR, LLC'S
MOTION TO EXTEND MEDIATION DEADLINE**

Stephen C. Riggs, III ("Riggs") and Heritage FFR, LLC ("Heritage FFR") (collectively, "Plaintiffs"), by counsel, seek the entry of an order extending the May 15, 2014 deadline by which the Court ordered the parties to this adversary proceeding (the "Adversary") to mediate all the issues raised in this Adversary (the "Mediation Deadline") at the April 22, 2014 hearing (the "Hearing") on the motions to dismiss and related pleadings filed by Douglas Turner (Adv. Doc. Nos. 40 and 56), Southeastern Consulting &

{00234387.DOC;2}

Development Company, Inc. (the "Debtor" or "SCDC") (Adv. Doc. No. 41), and Louis S. Weltman ("Weltman"), Phoenix Realty Partners, Inc. ("Phoenix"), and Water Reclamation NWF, LLC (Adv. Doc. No. 42) (collectively, "Dismissal Motions") and *Riggs and Heritage FFR, LLC's Supplemental Response to the Dismissal Motions and Motion for Extension of the Abatement Period* (Doc. No. 100) (the "Abatement Motion").  In support of the relief requested in this motion (the "Motion"), Riggs and Heritage FFR state as follows:

1. Sometime either before or after the Hearing on April 22, 2014, Weltman filed his personal chapter 11 bankruptcy case (the "Weltman Bankruptcy") and Phoenix filed a chapter 11 bankruptcy case (the "Phoenix Bankruptcy") in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division.

2. A proposed order memorializing this Court's rulings on the Dismissal Motions and the Abatement Motion at the Hearing was circulated to the parties and submitted to the Court for entry (the "Mediation Order"), but has not been entered as of the filing of this Motion.

3. Riggs and Heritage FFR have filed a motion pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(b) in SCDC's main bankruptcy case (the "Venue Motion") seeking orders transferring the venue of the Weltman Bankruptcy and the Phoenix Bankruptcy from the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division to United States Bankruptcy Court for the Northern District of Florida, Tallahassee Division.[1]

---

[1] Any reference to the "Southern District" shall refer to the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, and any reference to the "Northern District" shall refer to United States Bankruptcy Court for the Northern District of Florida, Tallahassee Division.

{00234387.DOC;2}

2

4. Rule 1014(b) mandates that this Court should determine the district or districts in which the Weltman Bankruptcy and Phoenix Bankruptcy should proceed. *In re Knight-Celotex, LLC*, 427 B.R. 697, 700 (Bankr. N.D. Ill. 2010); *In re Lawrence & Assoc.*, LLC, 2009 WL 1940561, at * 4 (Bankr. D. Idaho July 2, 2009).

5. Once a motion for transfer of venue has been filed in the proper court under Rule 1014(b), any proceedings in affiliated cases are stayed pending the court's venue determination. Fed. R. Bankr. P. 1014(b) ("Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made."); *see also In re Lamb*, 40 B.R. 689, 691 (Bankr. E.D. Tenn. 1984) (stating that once a Rule 1014(b) motion had been filed in the first case, proceedings in the second case should be stayed); *In re Slentz*, 94 B.R. 446, 449 (Bankr. N.D. Ohio 1988) (stating that under the "unambiguous language of Rule 1014(b)" the proceedings in affiliated bankruptcy cases should be stayed pending the first court's determination of venue).

6. Counsel for Riggs and Heritage FFR has continued to communicate with counsel for SCDC and believes that Riggs, Heritage FFR, and SCDC have agreed to Jeffrey Warren as a mediator. However, Riggs and Heritage FFR are concerned that Weltman and Phoenix may contend that the entry of the Mediation Order is a violation of the automatic stay created by Section 362 of the Bankruptcy Code[2] and that Weltman and Phoenix cannot be compelled to participate in the mediation as a result of the automatic stay. Due to the pending Venue Motion, the Weltman Bankruptcy and Phoenix Bankruptcy should be stayed pursuant to Rule 1014(b), unless this Court orders otherwise. Accordingly, Riggs and

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

Heritage FFR are concerned that advancing the mediation process would be deemed a stay violation, but any motion seeking relief from stay in the Weltman Bankruptcy or the Phoenix Bankruptcy to enforce the Mediation Order would also be a considered either a violation or waiver of the stay imposed under Rule 1014(b).[3]

7. Accordingly, Riggs and Heritage FFR request that this Court extend the Mediation Deadline so that the Venue Motion may be resolved first. Alternatively, Riggs and Heritage FFR request that the Court confirm that a prophylactic motion filed in the Weltman Bankruptcy and the Phoenix Bankruptcy seeking to modify the stay imposed under Section 362(a) in these cases for entry and enforcement of the Mediation Order would not be either a violation of or waiver of the stay imposed under Federal Rule of Bankruptcy Procedure 1014(b).

8. To avoid the additional costs of continued litigation in two forums and the unnecessary consumption of judicial resources, Riggs and Heritage FFR believe it may be most efficient to extend the Mediation Deadline.

**WHEREFORE,** Riggs and Heritage FFR respectfully request that the Court enter an order granting the Motion and extending the Mediation Deadline pending this Court's consideration and determination of the Venue Motion, as well as granting any other and

[Remainder of page intentionally left blank]

---

[3] Riggs and Heritage FFR have filed motions in the Weltman Bankruptcy and the Phoenix Bankruptcy requesting that Judge Hyman confirm that both cases are stayed under Rule 1014(b) pending this Court's determination of the Venue Motion.

further relief the Court deems equitable and just.

DATED this 5th day of May, 2014.

Respectfully submitted,

*/s/ Kathleen L. DiSanto*
David S. Jennis
Florida Bar No. 775940
Kathleen L. DiSanto
Florida Bar No. 58512
**Jennis & Bowen, P.L.**
400 North Ashley Drive, Suite 2540
Tampa, FL 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707 (fax)
E-mail: djennis@jennisbowen.com
Co-Counsel for Riggs and Heritage FFR

-and-

*/s/ A. Benjamin Gordon, III*
A. Benjamin Gordon, III
Florida Bar No. 528617
**Keefe, Anchors & Gordon, P.A.**
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, FL 32547
Telephone: (850) 863-1974
Facsimile: (850) 863-1591 (fax)
E-mail: bgordon@kaglawfirm.com
Co-Counsel for Riggs and Heritage FFR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid, to **Heritage Plantation Community Development District**, c/o Hopping Green & Sams, P.A., 119 S. Monroe Street, Suite 300, Tallahassee, FL 32301 and via CM/ECF electronic service to: **Brian G. Rich**, Berger Singerman LLP, 125 S. Gadsden Street, Suite 300, Tallahassee, FL 32301; **David Lloyd Merrill**, Ozment Merrill, 2001 Palm Beach Lakes, Suite 410, West Palm Beach, FL 33409; **Elba N. Serrano-Torres** and **D. Tyler Van Leuven**, Williams Gautier, P.O. Box 4128, Tallahassee, FL 32315-4128; **Ronald A. Mowery**, Mowery Law Firm, P.A., 515 North Adams Street, Tallahassee, FL 32301-1111; and to those parties who receive electronic notices via CM/ECF in the regular course of business on this 5th day of May, 2014.

*/s/ Kathleen L. DiSanto*
Kathleen L. DiSanto